| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **V.** | § | **CRIMINAL ACTION NO.** |
| | § | **4:25-CR-00415** |
| **RAMON ALEXANDRO ROVIROSA** | § | |
| **MARTINEZ,** | § | |
| **MARIO ALBERTO AVILA** | § | |
| **LIZARRAGA** | § | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Ramon Alexandro Rovirosa Martinez ("Mr. Rovirosa"), by and through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 12(b), respectfully requests that the Court dismiss this case because the conduct alleged has proscribed under the applicable statute of limitations, and in support thereof would show the following:[1]

---

[1] The defendant has requested an extension of the filing deadline originally set for September 2, 2025, and files this motion in good faith consistent with that request. The government, in a September 9, 2025, email to the Court's case manager, unilaterally determined it would respond to any defendant motions within 21 days, citing no rule permitting this with the Court's deadline set at 10 days after the September 2, 2025, deadline. The government also made legal arguments regarding defendant's filings in the email to the Court's case manager. Because trial is set for October 6, 2025, defendant, with this filing, seeks to allow the Court time to consider this motion before trial. The defendant believes the government's legal arguments to the case manager are improper (and the government's request of a status conference doesn't make sense because such a conference is already set for September 29, 2025, at 10:30am). The defendant intends to create a record of this filing in time for the Court to consider all applicable arguments and rule in time for trial. Counsel for the defendant was permitted by the Court to substitute into this case on September 2, 2025, and this motion (and the other motion to dismiss have both been filed within 10 days of joining the case and raise issues suggested in briefs filed with the court on September 2, 2025). The defense has been working furiously to try to defend this case, notwithstanding not having access to Court required discovery. As expressed in footnote 6, Mr. Rovirosa faces ongoing prejudice and personal danger from the false narrative espoused by the government as set forth in his motion to dismiss on constitutional grounds [ECF 33]. Counsel for defendants are normally of a mind to ask for permission instead of forgiveness, but the government's extraordinary efforts in this case win by cheating, prompt this filing and documentation of these efforts in the record. The defendant also anticipates filing a motion to sever, motion to dismiss for failure to state a claim, motion to strike surplusage, and other trial related filings as soon as possible before the September 29, 2025, pre-trial hearing. The defendant will be prepared for trial on October 6, 2025, notwithstanding the government's efforts to undermine defendant's preparation of a defense.

<u>**BACKGROUND**</u>

The Indictment charges Mr. Rovirosa and defendant, Mario Avila ("Mr. Avila"), with conspiring to violate the Foreign Corrupt Practices Act ("FCPA") and three substantive FCPA counts. [ECF 1]. The Indictment, according to prosecutors' "discovery" letter, confirmed this was an oil and gas-related case based on some text messages allegedly sent in the Houston area. As outlined in Defendant's Motion for a Bill of Particulars [ECF 30], virtually all of the alleged conduct and text messages in the Indictment relate to activity that occurred in 2019 and 2020, beyond the statute of limitations.

The Indictment charges a conspiracy that began in 2019 and ended in 2020, with the last act described as part of this conspiracy in April 2020. The Indictment throws in a fourth scheme and says it was part of the 2019 and 2020 conspiracy. The chart below sets forth the four schemes alleged in the Indictment:

| Year/ Period | Contract/ Purpose | Bribe Type & Value | Recipient(s) | Companies Involved |
|---|---|---|---|---|
| Jun-Oct 2019 | Audit closure & payments (Pipeline Maintenance Contract) | Louis Vuitton handbag; Hublot watch (~USD $12.5k); MXP $2.5M cash | Erik Nunez, Juan Velez | Tubular Technology SA de CV, Techno Marine de Mexico SA de CV, Cimentaciones Estructuras y Lineas SA de CV |
| Jan-Mar 2020 | Roads & Platforms Contract | MXP $220k cash to Nunez; promised bribes to Patian | Erik Nunez, Roberto Patian | Energy Onshore Services SA de CV, Tubular Technology SA de CV |
| Aug 2019- Apr 2020 | Mechanical Integrity Contract | Promises of Hublot watches; treadmill (~MXP $26k) | Erik Nunez, Roberto Patian | Energy Onshore Services SA de CV, Isa Data SA de CV |
| Oct 2021 | Waves Quality Solutions bid attempt | No payment made or improper request alleged | Erik Nunez | Waves Quality Solutions SA de CV |

The conspiracy in the Indictment ended in April 2020. The case was indicted on August 5, 2025. The statute of limitations ran on this conspiracy in April 2025. The government improperly added text messages related to a seventh company and never mentioned anywhere in the indictment, in the fourth "scheme," Waves Quality Solutions, which occurred in 2021, to try to slip the conduct past the statute of limitations for the conspiracy count.

A quick glance at the chart above reveals one of these things is not like the others. Indeed, the only similarity between the conduct in 2021 scheme and the others is Foreign Official 1, Erik Nunez ("Mr. Nunez"). More problematic, the text messages between Mr. Nunez and Mr. Avila (no mention of Mr. Rovirosa), do not show Mr. Avila suggesting anything even remotely improper—they are idle chatter. The government knows that Mr. Avila is a former public official and Pemex employee who had a prior relationship with Mr. Nunez. Mr. Rovirosa did not. What the text messages look like, at best, are communications between longtime friends. Nothing improper is alleged at all. The government's effort to fit their text message conspiracy claim within the statute of limitation is prohibited by law. Even worse, and the government likely knows this, Counts 2, 3, and 4, are flatly time barred—there is not even a good faith argument that fits those counts within the statute of limitations.[2]

---

[2] The government has not disclosed, nor produced, according to indexes of documents that the defendant has not reviewed because of encryption, an order suspending the statute of limitations that they could argue extended the statute of limitations under 18 U.S.C. § 3292. The defendant previewed this motion to dismiss based on the expiration of the statute of limitations in virtually every filing in this case. To the extent the government has obtained such a tolling order, by not producing it, the government continues to "hide the ball" from the defendant as part of their strategy to push back the trial date to prepare their case. The defendants are mindful of this Court's ruling in *United States v. Leon-Perez*, (No. 4:17-CR-514) in this regard.

The defendant has outlined in its Motion to Dismiss [ECF 33], on the basis of the Fifth and Sixth Amendment, how the government irrevocably poisoned this case by unethically and improperly filing false and improper documents in the record and spreading news releases worldwide urging the world to believe this is a "cartel" FCPA case for political purposes and to seek an unfair trial advantage. Defendant will not retell that story here, but it does provide context as to why prosecutors would go to extreme lengths to use unrelated, legal conduct to try to continue conduct proscribed by the statute of limitations—to bring their "cartel" FCPA case. This effort must fail.

### LEGAL FRAMEWORK

*Three FCPA Substantive Counts*

For the non-conspiracy counts, the government violated black letter and established law—those charges are unequivocally time barred. The purpose of a statute of limitations is to "limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to push by criminal sanctions." *Toussie v. United States*, 397 U.S. 112, 114 (1970). Criminal limitations statutes are "liberally interpreted in favor of repose," and the clock runs when the crime is complete, unless Congress clearly says otherwise. *Id.* at 115. For FCPA conduct, the statute is five years from the date of the alleged conduct and runs from the last element of the offense completion date (e.g., offer, promise, payment, or use of interstate commerce). *See* 18 U.S.C. §3282(a).

Counts two through four are proscribed by the statute of limitations as set forth below:

| Count | Means and Instrumentality | Approximate Date | Proscription Date |
|-------|---------------------------|------------------|-------------------|
| Two | WhatsApp message from **ROVIROSA** to Edgar Franscisco Marquez Gutierrez to coordinate the delivery of a cash bribe to Juan Velez, stating, as translated into English, "The money is there the 2.5 million pesos." | 11/08/19 | 11/08/24 |
| Three | WhatsApp message from **AVILA** to Erik Nunez informing Erik Nunez that a cash payment for Erik Nunez's benefit (referred to by **AVILA** as "the package," as translated into English) had arrived in Campeche, Mexico, for Erik Nunez to pick up. | 03/05/20 | 03/05/25 |
| Four | WhatsApp message from **AVILA** to Erik Nunez confirming that Rosa Maria Be Chable would arrive at Erik Nunez's home later that day to deliver an additional cash payment. | 03/06/20 | 03/06/25 |

*Conspiracy Count*

Count One, the conspiracy count, is also fatally flawed. The seminal conspiracy case is *Pinkerton v. United,* 328 U.S. 640, 646 (1949), a criminal tax case, in which Justice Douglas wrote, "so long as the partnership in crime continues, the partners act for each other in carrying it forward." Efforts by the government to expand *Pinkerton* liability with unlawful conduct not in furtherance of the charged conspiracy have fallen flat. *See Grunewald v. United States*, 353 U.S. 391, 404 (1957) (noting "[p]rior cases in this Court have repeatedly warned that we will view with disfavor attempts to broaden the already pervasive and wide-sweeping nets of conspiracy prosecutions."). As the Court noted in *Grunewald*, 353 U.S. at 397, preliminary to a determination of whether the statute of limitations bars prosecution for a conspiracy, it is essential to delimit the scope of the conspiratorial agreement alleged in the indictment, "for it is that which determines

both the duration of the conspiracy, and whether the act relied on as an overt act may properly be regarded as in furtherance of the conspiracy." In *United States v. Davis*, 533 F.2d 921, 929 (5th Cir. 1976), the Fifth Circuit held that "[i]n a conspiracy prosecution for violating §371 the statute of limitations must be computed from the date of the last overt act of which there is appropriate allegation and proof." Here, that conduct ended in 2020.

The alleged purpose of the conspiracy charged in Count 1, set forth in ¶61, is the benefit to Mexico Energy Companies, not Waves Quality Solutions, the seventh unrelated entity. The last overt act alleged as part of the charged conspiracy involving the Mexico Energy Companies is April 22, 2020, when the supposed conspiracy had run its course, and Mr. Rovirosa exited the conspiracy. The government's allegations in paragraphs 53-58 related to Waves Quality Solutions set forth a new conspiracy with no unlawful acts or activities taken in furtherance of the purported conspiracy. The only overlapping co-conspirators as alleged by the government are Mr. Rovirosa and Mr. Avila.[3] Waves Quality Solutions is not one of the other entities charged as part of the three schemes. On information and belief, Waves Quality Solutions was founded after the end of the conspiracy ended.[4] Moreover, and significantly, the purported 2021 overt acts are lawful communications, idle chatter, between friends, Mr. Avila and Mr. Nunez

---

[3] Foreign officials may not be prosecuted under 18 U.S.C. §371 for conspiring to violate the FCPA, *see United States v. Castle*, 925 F.2d 831 (5th Cir. 1991), so Foreign Official #1, #2, #3, may not be part of a conspiracy charged in Count 1.

[4] Counsel for defendant has not received the discovery but believes this entity was founded after the purported conspiracy ended. For purposes of this motion, however, a finding in this regard is not necessary to grant this motion.

(Foreign Official #1). Mr. Avila does not say or suggest anything unlawful in the communication.[5] *See Davis*, 533 F.3d at 928 (noting "the Supreme Court has rejected the argument that the statute of limitations in a conspiracy prosecution is extended by a subsidiary conspiracy. . ."); *United States v. Cornett*, 195 F.3d 776, 783-84 (5th Cir. 1999)(providing "conversations that represent "mere idle chatter" . . . are not in furtherance of the conspiracy because the statement and the conversation were not intended to further the conspiracy, regardless of whether an individual co-conspirator was implicated in the conversation" and string citing cases).

In every bidding process, in every company throughout the world, businesses try to get work by disparaging competitors and talking up their own qualifications. At best, the 2021 communications appear to be marketing efforts on the part of Mr. Avila (it is impossible to tell for sure, because the two people who could tell us are in Mexico). The government's effort to categorize the communications as something nefarious, is utter nonsense. *See*, *e.g.*, *Grunewald*, 353 U.S. at 399 (holding acts of concealment or unrelated conduct do not extend the statute of limitations once the main objectives of the conspiracy have been achieved.) The government alleges nothing in those

---

[5] Defendant has not read and does not have access to the original text messages referenced in the Indictment. The government has yet to provide that information, as noted in defendant's motion to compel [ECF 32] and motion for an out of time filing [ECF 34]. This morning, on September 11, 2025, counsel for the defendant is driving downtown to pick up yet another hard drive the government says it has de-crypted and made discovery accessible. Defense counsel believes the government's discovery production efforts, thus far, have not been consistent with Judge Bray's discovery order, the federal rules of criminal procedure, or the government's constitutional obligations. The government's effort to have government agents hold the hand of defense counsel to prepare for trial is a deprivation of the defendant's Sixth Amendment rights. And the admissions in their discovery letter that they have not and will not search all of defendant's devices seized from his house during their search highlight their indifference to locating exculpatory evidence in their possession consistent with the requirements of *Brady* (which is, ironically, omitted from their August 12, 2025 discovery letter [ECF 29, Exhibit 1).

communications that is in furtherance of a conspiracy, and the claims are included as an end-around of the same statute of limitations bar that dooms Counts 2-4. The response of the foreign official, Mr. Nunez, does not save the time bar (and, even if he could be a conspirator, it does not show any unlawful purpose).

Tellingly, absent from the Indictment are any substantive counts related to the October 2021 messages. Why? Because once again, the government has misled the reader, and perhaps others, by inserting the heading "Request for Additional Improper Assistance in October 2021" as the title before listing out a few innocuous text messages. Saying it doesn't make it so—third verse same as the first.

It is difficult to defend a conspiracy case under any circumstances, much less one where the defendant has been branded a violent Mexican drug cartel associate. As Justice Black wrote in *Krulewitch v. United States*, 336 U.S. 440, 453 (1949), concurring:

> When the trial starts, the accused feels the full impact of the conspiracy strategy. Strictly, the prosecution should first establish *prima facie* the conspiracy and identify the conspirators, after which evidence of acts and declarations of each in the course of its execution are admissible against all. But the order of proof of so sprawling a charge is difficult for a judge to control. As a practical matter, the accused often is confronted with a hodgepodge of acts and statements by others which he may never have authorized or intended or even known about, but which help to persuade the jury of existence of the conspiracy itself. In other words, a conspiracy often is proved by evidence that is admissible only upon assumption that conspiracy existed. The naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction.

Given the nature of the conduct charged here, as well as the government's conduct, the apparent abuse of the statute of limitations is particularly troublesome. Applicable case law dooms the government's text message "cartel" FCPA Indictment.

This case should immediately be dismissed on this basis as well as the constitutional grounds set forth in the Defendant's Motion to Dismiss [ECF 33].[6]

**CONCLUSION**

WHEREFORE, Mr. Rovirosa respectfully prays that this Court dismiss this case based on the expiration of the statute of limitations.

Respectfully submitted,

R. MCCONNELL GROUP

By: */s/ Ryan D. McConnell*
Ryan D. McConnell
Texas Bar No. 24051020
Matthew S. Boyden
Texas Bar No. 24113620
Lawrence D. Finder
Texas Bar No. 07007200
5850 San Felipe, Suite 500
Houston, Texas 77057
Telephone: 713.224.5775
ryan@rmcconnellgroup.com

---

[6] Days after filing its motion, the government still has not sought to retract or remove the false news stories portraying Mr. Rovirosa as a violent drug cartel associate, deliberately planted in court filings. In an age of political related violence, with actual and attempted assassinations, and military force used to kill and destroy cartel members, the government's inaction in this case to address the constitutional violation, highlights the continuing nature of their egregious and unethical conduct, and the ongoing danger to Mr. Rovirosa constitutional rights and his life.

## CERTIFICATE OF SERVICE

On September 11, 2025, the foregoing was served on all counsel of record via the ECF filing system.

*/s/ Ryan D. McConnell*
Ryan D. McConnell