IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | Criminal No. 4:25-cr-00415 |
| | § | |
| | § | |
| RAMON ALEXANDRO ROVIROSA | § | |
| MARTINEZ, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**UNITED STATES' MOTION TO STAY FORTHCOMING ORDER
DISMISSING CHARGES AGAINST DEFENDANT OR
ENTERING A JUDGMENT OF ACQUITTAL**

The Government respectfully requests that this Court stay execution of its forthcoming order dismissing the charges—or alternatively, entering a judgment of acquittal—against Defendant Ramon Alexandro Rovirosa Martinez ("Rovirosa"), pending resolution of the Government's potential appeal of that order to the Fifth Circuit. Alternatively, the Government respectfully requests that this Court stay execution of its forthcoming order for 14 days to allow it adequate time to request a longer stay from the Fifth Circuit if deemed necessary. Among other things, a stay is appropriate to ensure that the Court retains jurisdiction over this matter to maintain and enforce bond conditions (including the $1 million secured bond previously imposed by the Hon. Peter Bray, *see* Dkt. 19) if Rovirosa is released from custody following the Court's anticipated order.

"Given the drastic consequences if [a] Court erred in granting" dismissal of an indictment, it is appropriate to stay a dismissal order "in order to give the Government an opportunity to

consider its options" regarding potential appeal.[1] *United States v. Schlor*, No. CR-01-360-RHW, 2008 WL 4949037, at \*6 (C.D. Cal. Nov. 14, 2008) (stay of indictment dismissal on speedy trial grounds). Indeed, district courts dismissing indictments over the Government's objection frequently enter such stays to allow for appellate review. For example, after ordering dismissal of an indictment on selective prosecution grounds, the United States District Court for the Eastern District of Virginia stayed its order "pending the United States' appeal to the United States Court of Appeals for the Fourth Circuit." *United States v. Olvis*, 913 F. Supp. 451, 457 (E.D. Va. 1995). Similarly, after dismissing an indictment on statute of limitations grounds, the United States District Court for the Western District of Tennessee stayed dismissal for approximately 60 days. *United States v. Titterington*, No. CR. 2-20165, 2003 WL 23924932, at \*2 (W.D. Tenn. May 22, 2003). Likewise, the United States District Court for the Southern District of New York stayed its dismissal order for approximately 18 days "[i]n order to give the Court of Appeals a reasonable opportunity to schedule the [anticipated] appeal" by the United States. *United States v. Johnson*, No. 98 CR. 880 (WK), 1998 WL 841491, at \*2 (S.D.N.Y. Dec. 3, 1998), *rev'd on other grounds*, 171 F.3d 139 (2d Cir. 1999). A stay pending appeal "simply suspends judicial alteration of the status quo." *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418 (2009)).

Here, as in the cases above, if this Court errs in ordering dismissal of the charges—or entering a judgment of acquittal—against Rovirosa, the potential "drastic consequences" militate

---

[1] As with all appeals by the Government in criminal matters, the United States Solicitor General has the authority to "[d]etermin[e] whether, and to what extent, appeal[ ] will be taken by the Government." 28 C.F.R. § 0.20(b). Consistent with that authority, after this Court indicated on April 6, 2026, that it intended to dismiss or enter a judgment of acquittal, the United States immediately began the process to notify the Office of the Solicitor General of that decision. To make the final determination regarding whether and to what extent to appeal the dismissal or judgment of acquittal, however, the United States will need to provide the Solicitor General with this Court's forthcoming order and additional analysis of the reasoning set forth therein. Upon receiving the order, the United States will continue working expeditiously to determine whether it would be appropriate to seek authorization for appellate review.

in favor of a stay. Rovirosa was charged and convicted for his role in a significant foreign bribery scheme. Society has a significant interest in those charges being fully and finally adjudicated, and in Rovirosa receiving a just sentence for his crimes of conviction. If this Court errs in dismissing the indictment or acquitting Rovirosa, and no stay is granted, those societal interests could be thwarted. Additionally, Rovirosa retains substantial personal and professional ties to Mexico, and his co-defendant remains a fugitive in Mexico. If Rovirosa flees to Mexico, the process for extraditing him to the United States will be lengthy and may not ultimately be successful. Furthermore, if Rovirosa flees to Mexico, and the Fifth Circuit ultimately rules that this Court erred in dismissing the charges against him and acquitting him, the societal interest in Rovirosa's prosecution will be frustrated.

The Government therefore respectfully submits that this Court include in any forthcoming dismissal or acquittal order a provision staying execution of the order pending the resolution any appeal by the United States to the Fifth Circuit[2] or, alternatively, staying execution of the order for 14 days to allow adequate time for the United States to seek a longer stay from the Court of Appeals.

Dated: April 10, 2026

---

[2] If the United States appeals from the order, Rovirosa's release or detention would be governed by 18 U.S.C. § 3143(c), which provides that "The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order."

Respectfully submitted,
John G.E. Marck
Acting United States Attorney

Lorinda I. Laryea
Chief
Criminal Division, Fraud Section

*/s/ Brad Gray*
Brad Gray
Assistant United States Attorney
Southern District of Texas

*/s/ Lindsey D. Carson*
Lindsey D. Carson
Abdus Samad Pardesi
Paul Ream
Trial Attorneys
Criminal Division, Fraud Section

## CERTIFICATE OF CONFERENCE

On April 10, 2026, I conferred with counsel for Rovirosa regarding the foregoing, and counsel stated that they oppose the Government's motion.

*/s/ Lindsey D. Carson*
Lindsey D. Carson

## CERTIFICATE OF SERVICE

On April 10, 2026, I electronically filed this document through the CM/ECF system and served this filing via email to counsel of record.

*/s/ Lindsey D. Carson*
Lindsey D. Carson